UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RLJ ART NASHVILLE LESSEE, LLC, <br><br>  Plaintiff, <br><br> v. <br><br> CMG SERVICES LLC, <br><br>  Defendant. | Complaint for Declaratory Judgment <br><br> Jury Demand |

Plaintiff RLJ ART NASHVILLE LESSEE, LLC ("RLJ"), for its Complaint against CMG Services LLC ("CMG"), states and alleges as follows:

**PARTIES**

1. RLJ is a Delaware limited liability company having its principal place of business at 7373 Wisconsin Avenue, Suite 1500, Bethesda, MD 20814.

2. On information and belief, CMG is a New York limited liability company having its principal place of business at 3 Freeman Alley, New York, NY 10002.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 15 U.S.C. § 1116, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b), as this case arises under the Lanham (Trademark) Act, 15 U.S.C. § 1051 *et seq.*, and seeks relief, *inter alia*, under the Declaratory Judgment Act, 15 U.S.C. §§ 2201 and 2202.

4. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367, as they are so related to the claims in the action within original jurisdiction that they form part of the same case or controversy.

5.  This Court has personal jurisdiction over CMG because: (a) CMG is incorporated in New York and has its principal place of business in New York, (b) CMG is doing business in New York by offering services in New York under the tradename UNTITLED AT 3 FREEMAN ALLEY; and (c) CMG operates an interactive website, accessible in New York, which makes use of CMG's UNTITLED AT 3 FREEMAN ALLEY mark to promote its services.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

**RLJ'S INTENDED USE OF AND APPLICATION FOR RLJ'S THE UNTITLED MARK**

7.  RLJ is a hotelier intending to launch a boutique hotel in Nashville, Tennessee under the tradename "THE UNTITLED."

8.  RLJ has invested considerable amounts into developing a logo, collateral (e.g., business cards, coasters, letterhead), and a brand guide.

9.  To protect its rights, RLJ filed an intent-to-use trademark application on April 5, 2023 for "THE UNTITLED," U.S. Serial No. 97/873,684, for use in connection with "Hotel accommodation services; providing general purpose facilities for parties, meetings, wedding receptions, conferences, and exhibitions" in International Class 43 and "Hotel concierge services; providing facilities for wedding ceremonies" in International Class 45 ("RLJ's THE UNTITLED Mark"). A copy of this application is attached hereto as Exhibit 1.

10. Based on its trademark application filing, RLJ has priority over later uses of confusingly similar marks, such as CMG's use of "UNTITLED" in connection with hotel and related services, as discussed further below.

11. At the time of the trademark application filing RLJ had no knowledge of a hotel in New York City operating under the tradename UNTITLED AT 3 FREEMAN ALLEY.

## CMG'S ALLEGED USE OF AND APPLICATIONS FOR
## MARKS CONTAINING UNTITLED

12. CMG alleges that it has used the trademark "UNTITLED" in commerce since at least as early as August 2021 in connection with a hotel in New York City operating under the tradename UNTITLED AT 3 FREEMAN ALLEY.

13. CMG filed the following trademark applications on July 30, 2024 (more than 14 months after RLJ filed trademark applications for RLJ's THE UNTITLED Mark):

| Mark | Serial No. | Goods and Services | Alleged Date of First Use |
| --- | --- | --- | --- |
| UNTITLED | 98673114 | hotel and hospitality services in International Class 43 | Aug. 2021 |
| UNTITLED AT 3 FREEMAN ALLEY (logo) | 98673134 | hotel and hospitality services in International Class 43 | Aug. 2021 |
| UNTITLED AT 3 FREEMAN ALLEY | 98673126 | hotel and hospitality services in International Class 43 | Aug. 2021 |

Copies of these applications are attached hereto as Exhibits 2–4.

14. CMG's Application Nos. 98673134 and 98673126 do not disclaim "AT 3 FREEMAN ALLEY."

15. None of CMG's trademark applications have published for opposition.

16. Upon information and belief, the hotel operating at the address where UNTITLED AT 3 FREEMAN ALLEY now operates has a history of closures, operations as a homeless shelter, foreclosure, related legal action, and operations under a different brand.

17. Upon information and belief, a hotel branded as "Sister City" operated at the same location as UNTITLED AT 3 FREEMAN ALLEY until at least October 2022. See https://therealdeal.com/new-york/2022/10/12/bowery-micro-hotel-faces-foreclosure-10m-judgment/ ("In September [2022], arbitrators awarded Ace $10.4 million and ***ordered the hotel owners to stop displaying trademarks associated with the Sister City brand***. *In a lawsuit filed*

3

*last* week to enforce the arbitration, ***Ace alleges that Omnia has neither paid up nor stopped displaying the branding.***") attached hereto as Exhibit 5.

18. Upon information and belief, sometime in the Spring of 2023 there was a soft launch of a hotel under the name UNTITLED AT 3 FREEMAN ALLEY, with a larger launch planned and announced for later in 2023 (approximately 18 months after RLJ filed trademark applications for RLJ's THE UNTITLED Mark).

19. An August 15, 2023 article with quotes from Gadi Peleg, founder of GPG Hospitality which manages UNTITLED AT 3 FREEMAN ALLEY, makes this clear: "Untitled soft-launched this spring, and is gearing up for a bigger fall debut." *See* https://wwd.com/eye/lifestyle/inside-untitled-lower-east-side-hotel-1235766493/ attached hereto as Exhibit 6. *See also* https://www.forbes.com/sites/micheleherrmann/2024/02/29/this-nyc-boutique-hotel-has-opened-an-in-house-tattoo-parlor/ ("UNTITLED AT 3 FREEMAN ALLEY opened in 2023.") attached as Exhibit 7.

20. And a social media post confirms Gadi Peleg's interviews, noting an "October launch":



21.     Upon information and belief, only after RLJ applied for the mark "THE UNTITLED" on April 5, 2023, CMG (or a related entity) updated the hotel's website (https://www.untitledat3freeman.com/), to include limited, sporadic references to "UNTITLED" when referring to the hotel, rather than consistently using the full UNTITLED AT 3 FREEMAN

5

ALLEY mark. However, those limited, sporadic references were still a clearly identified shorthand for the full mark:

**February 23, 2023** (prior to RLJ's application filing date and not using "UNTITLED" alone)



https://web.archive.org/web/20230223033030/http://www.untitledat3freeman.com/ (last accessed October 7, 2024).

**December 1, 2023** (after RLJ's application filing date and using "UNTITLED" alone within text beneath the entire UNTITLED AT 3 FREEMAN ALLEY mark, thereby clearly referencing the entire mark)



https://web.archive.org/web/20231201064752/https://www.untitledat3freeman.com/ (last accessed October 7, 2024, emphasis added).

22. Upon information and belief, since RLJ's application filing date, CMG has altered its website multiple times to focus on the term "UNTITLED," but still as a short hand reference to the hotel's full name.

23. CMG's only uses of "UNTITLED" that RLJ is aware of are as a clearly-identified shortform for UNTITLED AT 3 FREEMAN ALLEY, after the full name has been prominently introduced. And, these examples are largely limited to media coverage, advertising, and social media promotion which do not support the allegation that CMG's products or services themselves are branded with a standalone "UNTITLED" mark.

24. Various online booking platforms presently make clear that the name of the hotel is UNTITLED AT 3 FREEMAN ALLEY without reference to "UNTITLED" alone:

   a. TripAdvisor:



*See* https://www.tripadvisor.com/Hotel_Review-g60763-d25355097-Reviews-Untitled_at_3_Freeman_Alley-New_York_City_New_York.html (last accessed October 8, 2024).

   b. Booking.com:



*See* https://www.booking.com/hotel/us/untitled-at-3-freeman-alley.html (last accessed October 8, 2024).

      c.   Hotels.com:



8

*See* https://www.hotels.com/ho2826633824/untitled-at-3-freeman-alley-new-york-united-states-of-america/?recommendations-overlay=recommendations-overlay (last accessed October 8, 2024).

25. And CMG's website (www.untitledat3freeman.com), until at least late 2023, most prominently displayed UNTITLED AT 3 FREEMAN ALLEY on its home page rather than just "UNTITLED":



**CMG'S CLAIMS AND DEMANDS**

26. CMG sent RLJ a cease and desist letter on August 1, 2024, objecting to RLJ's use of RLJ's THE UNTITLED Mark and alleging that RLJ's use of that mark "will invariably trade on the goodwill of CMG and will give the false appearance that your client and its services are affiliated with or sponsored by CMG." A copy of CMG's demand letter is attached hereto as Exhibit 8.

27. CMG demanded that RLJ (1) "Refrain from using 'UNTITLED' or any confusingly similar variation thereof, whether as a trademark, service mark, trade name, business name,

9

corporate name, fictitious name, domain name, product name, web page title, social media handle, storefront name, title tag, meta tag, advertising keyword, description, or in any manner whatsoever in connection with the manufacture, production, purchase, sale, offering for sale, distribution, advertising, publicizing, or identifying of any goods or services or businesses"; (2) "Expressly abandon its pending application, U.S. Serial No. 97/873,684 for 'THE UNTITLED'"; (3) "Take all steps to remove/withdraw any and all printed or electronic materials, advertisements, website displays, and any other items bearing 'THE UNTITLED' mark, or any confusingly similar variations, including without limitation all internet websites, social media posts/pages, and printed media; and" (4) "Refrain from engaging in any conduct that would lead others to believe that it is affiliated, connected, or associated with our client or, that would lead others to believe that our client has sponsored or approved your client's commercial activities."

28. RLJ responded to CMG's claims and demands explaining that it has priority to RLJ's THE UNTITLED Mark in view of RLJ's April 5, 2023 application filing date.

29. CMG disagreed, arguing it has "garnered much positive press and publicity" and its "'UNTITLED' mark is well-known." Attempting to support its argument, CMG attached eighty-nine (89) supposed examples. However, all of these examples are random social media posts: (a) dated after RLJ's April 5, 2023 application filing date; (b) unrelated to UNTITLED AT 3 FREEMAN ALLEY, and/or (c) undated (but there is no evidence apparent from CMG's letter that the seven (7) undated examples predate RLJ's application filing date). As such, CMG's evidence is grossly deficient and fails to support CMG's argument.

30. CMG also relies on two (2) guest reviews from 2021 and an internal-only reservation report from Airbnb in an attempt to evidence its "first use of the UNTITLED mark." Aside from the obvious deficiencies in this evidence (in that it does not evidence any actual use of

10

UNTITLED *by CMG*), upon information and belief, the physical location of the hotel was still using SISTER CITY-branding throughout this timeframe and at least through October 2022. *See* Exhibit 5.

31.     Indeed, upon information and belief, CMG (or a related entity) contracted with Ace Group Bowery LLC ("Ace") to be the sole operator of the hotel from July 2014 through at least July 2024.

32.     To the extent CMG was actually providing hotel services in connection with UNTITLED AT 3 FREEMAN ALLEY prior to the termination of the contract with Ace, it was doing so in breach of its contract with Ace. In other words, upon information and belief, at least through October 2022, all hotel services at the property should have been provided under the SISTER CITY brand by Ace.

33.     At best[1], while CMG may be able to show limited, sporadic use of the UNTITLED AT 3 FREEMAN ALLEY mark on a rudimentary webpage, CMG did not provide any hotel or hospitality services, but merely utilized the UNTITLED AT 3 FREEMAN ALLEY mark to describe the untitled artwork Airbnb customers are exposed to as they make their way to the backdoor of the SISTER CITY-branded hotel. Indeed, CMG's webpage merely functioned to redirect users to Airbnb, which provided its reservation and payment services via its own branding.

34.     As it stands, CMG has provided no evidence that the hotel itself was branded as or using UNTITLED AT 3 FREEMAN ALLEY (and certainly not UNTITLED standing alone) prior to RLJ's April 5, 2023 application filing date.

35.     A copy of CMG's response letter is attached hereto as Exhibit 9.

---

[1] This best case scenario assumes proper ownership/assignment of the mark, which is a relevant issue given the ever-changing ownership of the website, domain name, and property.

36. CMG's claims and demands have created a reasonable apprehension of litigation and have placed a cloud over RLJ's ability to use RLJ's THE UNTITLED Mark in connection with its business.

37. RLJ has already devoted and intends to continue devoting substantial resources to preparing to use RLJ's THE UNTITLED Mark in connection with its hotel and related services. RLJ cannot afford to continue committing those resources or begin operating while under the threat of litigation by CMG.

38. CMG's allegations regarding RLJ's use of RLJ's THE UNTITLED Mark brings RLJ into adversarial conflict with CMG.

39. An actual controversy exists between the parties based on CMG's claims and demands.

40. So that it may use RLJ's THE UNTITLED Mark without interference by CMG, RLJ desires to promptly resolve this controversy and establish that it is not infringing any protectable rights of, or unfairly competing with, CMG.

## COUNT I
**(Declaratory Judgment of Non-Infringement)**

41. RLJ repeats the allegations above as if fully set forth herein.

42. RLJ intends to use RLJ's THE UNTITLED Mark in connection with hotel and related services.

43. CMG has threatened legal action against RLJ if it uses RLJ's THE UNTITLED Mark in connection with hotel and related services.

44. RLJ filed a trademark application for RLJ's THE UNTITLED Mark prior to any common law trademark use of "UNTITLED" by CMG (and more than 14 months before CMG filed trademark applications containing "UNTITLED"). To the extent CMG used the term

"UNTITLED" prior to RLJ's filing date, that use was sporadic at best, descriptive, and was insufficient to create any trademark rights or which would be sufficient in scope to preclude RLJ's use of RLJ's THE UNTITLED Mark.

45. Therefore, RLJ has priority to RLJ's THE UNTITLED Mark.

46. The allegations and threats set forth in the written communications from CMG confirm that there is an actual judicial controversy between the parties having adverse legal interests, of sufficient immediacy to warrant the issuance of a declaratory judgment.

47. RLJ is under real, imminent threat that CMG will bring suit against it in the immediate future for trademark infringement, together with other related causes of action.

48. By reason of the foregoing, RLJ has suffered and will continue to suffer irreparable harm from CMG in the manner set forth above unless a declaratory judgment issues preventing CMG from interfering with RLJ or taking any other action based upon the aforesaid acts.

49. RLJ has no adequate remedy at law.

50. As a result of the foregoing, RLJ is entitled to a declaratory judgment that RLJ's use of RLJ's THE UNTITLED Mark in connection with hotel and related services does not constitute infringement, unfair competition, or otherwise violate any right of CMG under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125, under the statutory or common law of the State of New York, or any law of any other state.

## **PRAYER**

WHEREFORE, RLJ prays:

(a) For judgment declaring RLJ's use of RLJ's THE UNTITLED Mark in connection with hotel and related services does not constitute infringement, unfair competition, or otherwise

violate any right of CMG under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125, under the statutory or common law of the State of New York, or any law of any other state;

(b)  That the Court declare that CMG is not entitled to any monetary award from RLJ, or to any injunctive or other equitable relief;

(c)  That RLJ be awarded its reasonable attorneys' fees and costs; and

(d)  That RLJ recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), RLJ demands a trial by jury.

DATED:  October 21, 2024            Respectfully submitted,

By    */s/ Devlin Healey*
NORTON ROSE FULBRIGHT US LLP

Devlin Healey (NY # 5688734)
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone:  (212) 318-3070
Facsimile:  (212) 318-3400
devlin.healey@nortonrosefulbright.com

Felicia J. Boyd (Pending *Pro Hac Vice*)
Adam C. Rehm (Pending *Pro Hac Vice*)
Nathaniel W. Mannebach (Pending *Pro Hac Vice*)
60 South Sixth Street, Suite 3100
Minneapolis, MN  55402-2112
Telephone:  (612) 321-2800
Facsimile:  (612) 321-2288
felicia.boyd@nortonrosefulbright.com
adam.rehm@nortonrosefulbright.com
nathan.mannebach@nortonrosefulbright.com

Plaintiff RLJ ART NASHVILLE LESSEE, LLC